## Chicago Mutual Fire Ins. Co. v. Anson A. Bigelow et al.

1. INSURANCE—*Representations in the Applications.*—Representations to insurers before or at the time of making the contract, are a presentation of the elements upon which to estimate the risk proposed to be assumed. They are the basis of the contract, its foundation, on the faith of which it is entered into. If wrongly presented in any respect material to the risk the policy that may be issued thereon may not take effect.

2. SAME—*Representations by the Insured.*—An applicant for insurance, when asked if any " board companies " had canceled their risks upon the property, answered " No." This was true, from the fact that no such companies had ever taken risks on the property. Granting that the applicant knew this and the insurer did not, and that the answer was misleading, it was held there was no such false representations as avoided the policy, as there was no proof that the applicant knew the insurer was misled.

Assumpsit, on an insurance policy. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

MYRON H. BEACH, attorney for appellant.

ULLMANN & HACKER, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action upon a policy of insurance.

It was insisted by the defendant that the policy was procured by false representations as to the situation and exposure of the property covered, and as to the withdrawal of " board " companies from the risk. It was also insisted that the policy was delivered upon the condition that the insured would send his check for the premium at once, which he failed to do.

As to these matters, the evidence was conflicting, and such that we do not feel warranted in setting aside the verdict of the jury, sanctioned as it has been by the judge before whom the cause was tried.

Chicago Mutual Fire Ins. Co. v. Bigelow.

The insurance was written August 28th; the fire occurred September 1st. The policy was sent by mail; a check for the premium was the same day forwarded, being received by appellant September 4th or 5th.

The assured being asked if any " board " companies had canceled their risks upon the property, answered " No." This was true, but it is insisted that no " board " companies ever had risks on the property; that appellee knew this, and that his answer was misleading to appellee; consequently, it is insisted, there was such a false representation as avoids the policy.

Granting that the meaning of the expression " board companies," as then used, is clear, yet we do not see that any false representation was made. The answer was entirely truthful. Appellant, if he wished for further information, could have asked for it.

That appellee knew that appellant was misled is not clear. That appellant cared whether any " board companies " had ever had risks upon the property, appellee was not informed, and can not be presumed to have understood.

We do not think that Mr. Redfield should have been permitted to testify in chief as an expert as to the extension of forest fires, under circumstances similar to those existing at the time this insurance was placed.

The jury, at appellant's request, were instructed as follows:

" The court instructs the jury that if you believe from the evidence the plaintiffs, in making application to the defendants for insurance, represented to the defendant that property on which they desired to effect the insurance was not exposed to forest fires, and that the defendant, relying on and believing said representations to be true, and being induced thereby, issued to the plaintiffs the policy sued on in this action, and if you further believe from the evidence that the said property described in the policy was in fact exposed to forest fires, and that the fire which caused the loss and damage claimed by the plaintiff was communicated by or from forest fires, then there was a breach of the rep-

resentation and warranty in the policy, or contract of insurance, arising from said representations made by the said plaintiffs to and believed by the defendant, which breach, under express terms and conditions of the agreement contained in said policy or contract, avoided it, and rendered it of no force and effect, and the plaintiffs can not recover, and your verdict must be for the defendant."

The other instructions asked by appellant were properly refused.

The judgment of the Circuit Court is affirmed.